NINTH STREET PIER COMPANY, A CORPORATION, PROSE-CUTOR, v. CITY OF OCEAN CITY ET AL., DEFENDANTS.

Argued February 16, 1928—Decided February 17, 1928.

Before Justices TRENCHARD and CAMPBELL.

For the prosecutor, *Joseph H. Carr.*

For the defendants, *F. Stanley Kreps.*

PER CURIAM.

A speedy decision of this matter is desired by all parties involved and is also regarded by the court as important because of public interests concerned.

We think the writ should be denied.

Under the Home Rule act (*Pamph. L.* 1917, *p.* 319) the city had power to pass ordinance No. 372 to acquire land for relocating, laying out and opening a public street or public boardwalk and to build a public boardwalk; and this the city did by ordinance No. 372.

The prosecutor contends that the city should have proceeded under the act of *Pamph. L.* 1889, *p.* 206, but this it was not bound to do. *Burstiner* v. *East Orange,* 4 *N. J. Mis. R.* 280.

Ordinance No. 372 provided for the undertaking as a public improvement at the expense of the public, and for the taking of lands therefor by condemnation, if necessary.

The necessary procedure is outlined in section 23 of article 20 of Home Rule act, and we think it was followed in this case.

The ordinance was introduced, accompanied by a map, which map and copy of the ordinance, after passage, were filed with the board of assessment, created in 1919, and still in force.

The board of assessment gave notice of the time and place of hearing to the prosecutor, held a hearing and made its report to the board of commissioners.

It is this report and award that the prosecutor desires to challenge by the writ of *certiorari* applied for.

The next contention is that there was no official authority to proceed under the Home Rule act.

We have already indicated that, in our view, ordinance No. 372 was authorized by law, and it was of course adopted

by official action. It seems to be argued that there was no authority for the city clerk to deliver to the commissioners of assessment a copy of the ordinance and the map which accompanied it. We think the answer to that is that the necessary authority is found in section 23 of article 20 of the Home Rule act.

It is next said that the map filed was insufficient. We think the answer to that is that there was in this respect a substantial compliance with the requirement of section 23 of article 20 of the Home Rule act.

But apart from what we have said it is quite clear that the prosecutor has no just cause of complaint against the report and award. This is shown by the fact that its attorney seems to have expressed himself before the commisioners of assessment as content with a valuation of one dollar if the land was not taken in fee. The report was made upon those exact terms. The ordinance provides that the expense of the improvement and of acquiring the land is to be borne by the city of Ocean City at large and not by assessment, and the land on which the old boardwalk was built is automatically released by the easement deed.

In such posture of affairs it seems quite clear to us that, since this writ is a discretionary one, this great public work of prime necessity to a large number of persons should not be suspended by the allowance of a writ in this case. *Nelson* v. *Town of Kearney*, 4 *N. J. Mis. R.* 157; *Brown* v. *Atlantic City*, 5 *Id.* 397.

Accordingly the writ will be denied, and the rule discharged.